IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The State,<br><br>Plaintiff,<br>v.<br><br>Michael Lee Freeman,<br><br>Defendant. | Case No. 6:26-cv-02716-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 4. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker, for pre-trial proceedings. For the reasons stated herein, this matter is REMANDED.

## BACKGROUND

Defendant, proceeding *pro se*, filed a notice of removal purporting to remove his criminal case currently pending in the Greenville County Court of General Sessions under 28 U.S.C. § 1443. *See* ECF No. 1. In his Notice of Removal, Defendant states he was arrested by the Greenville County Sheriff's Department deputies and charged with various offenses because he is black, but that he is completely innocent of the charges. *Id.* at 1. Defendant further states that he will not be able to obtain a fair trial in the state court. *Id.*

On August 20, 2026, the Magistrate Judge issued a Report recommending that this action be summarily remanded for lack of subject matter jurisdiction. ECF No. 4. Specifically, the Report found that in addition to various procedural defects in Defendant's removal, Defendant has not established removal in proper under § 1443 because he is not a federal officer or agent nor has he shown how the state court has denied or will deny his civil rights in terms of racial equity during the course of his criminal proceedings. *Id.* at 3-4. The Magistrate Judge advised Defendant of the

procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. Defendant has not filed any objections and the time to do so has lapsed.

## STANDARD OF REVIEW

### I. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) "[I]in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

### II. Removal and Federal Jurisdiction

Because "[f]ederal courts are courts of limited jurisdiction," it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir.

2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). It is a "well-established principle that [the court is] obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated and that if federal jurisdiction is doubtful, a remand to state court is necessary." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (citation modified); *see also Elliott v. Am. States Ins.*, 883 F.3d 384, 394-95 (4th Cir. 2018).

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is **REMANDED** the Greenville County Court of General Sessions. The Clerk is directed to mail a certified copy of this Order of remand to the Greenville County Court of General Sessions.

**IT IS SO ORDERED.**

United States District Judge

November 5, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.